**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERT ANTONIO CARTER,

    Defendant-Appellant.

No. 97-1073
(D.C. No. 96-CR-285)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR,** Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

This is a direct appeal from a conviction under 18 U.S.C. § 111. The parties have requested that this case be submitted without oral argument, and we have honored that request by considering the appeal on the briefs only. Appellant raises four issues: 1) the district court failed to instruct on the definition of "bodily injury" as an element of the offense defined in § 111; 2) the instructions on the term "forcibly" are erroneous; 3) there is a conflict between instruction 21 and others; and 4) the district court "invaded the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

province of the jury" by determining the issue of bodily injury. Finding none of these arguments meritorious, we affirm.[1]

Mr. Carter, while an inmate at the United States Correctional Institution at Florence, Colorado, was a participant in a group of other inmates who directed physical attacks upon employees of the institution. The statute criminalizing these actions, 18 U.S.C. § 111, states:

> **(a) In general**. - Whoever -
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties, ...
>
> shall, where the acts in violation of this section constitute only simple assault, be fined ... or imprisoned not more than one year, ... and in all other cases, be fined ... or imprisoned not more than three years, or both.
>
> (**b**) **Enhanced penalty.** - Whoever, in the commission of any acts described in subsection (a), ... ***inflicts bodily injury***, shall be fined ... or imprisoned not more than ten years, or both.

(emphasis added).

Mr. Carter was charged in three identical counts of having "forcibly assaulted, resisted, opposed, impeded and interfered with" three different persons upon whom the

---

[1]At the outset, we must note our analysis of this case has been impeded because of the quality of the government's brief. Written as though it is good advocacy to drop the court into the middle of facts and issues already made obscure by the opening brief, the government's glissando over the case was particularly unhelpful. In short, this approach left us spending more time trying to understand the appeal than resolving it, assuming we have correctly pieced the facts and arguments together.

grand jury charged the defendant "inflicted bodily harm." By a special verdict, the trial jury found the defendant guilty on all counts and also found he had indeed inflicted bodily harm upon the three victims. Defendant was consequently sentenced to concurrent terms of imprisonment of ninety-two months.

In his first argument, defendant contends the district court failed to define the term "bodily injury" as an element of 18 U.S.C. § 111(a). Subsequent to the filing of the opening brief, we held to the contrary, ruling the presence of bodily injury is grounds for a sentencing enhancement under § 111(b), and not a part of the substantive offense defined by § 111(a). *United States v. Segien*, 114 F.3d 1014, 1018 (10th Cir. 1997). Acknowledging this clarification of the statute, defendant nonetheless argues in his reply brief that this case is distinguishable from *Segien.* We fail to perceive the distinction.

Defendant argues:

the severity of the injuries must be considered as to the extent of enhancement allowed under 18 U.S.C. § 111(b). ... Permitting no instruction on "bodily injury," when the identity of the actual assailants was manifestly suspect, was error. It was exacerbated by the doubt of the trial judge in the course of jury instruction formulation to take the consideration from the jury.

Whatever its purport, this argument simply ignores the difference between the elements of an offense, which are determined by a jury, and the findings of facts which permit a sentence enhancement, which is the function of the court.

Because the jury has no part in sentencing, it is elemental that instructing them on the factors which govern punishment is not required of the trial judge. Equally

fundamentally, the refusal of the trial judge to instruct on an element of punishment is not error. In this case, the court did not "take the consideration from the jury" because the jury had no role to play in sentencing.

We acknowledge the judge did ask the jury to find whether bodily injury was inflicted upon the victims. We regard this as nothing more than a request for an advisory finding which the court was at liberty to accept or reject in the exercise of its sentencing discretion. We see nothing in this process which prejudiced the defendant or which mandates the reversal of his convictions.

To the extent we understand correctly the remaining arguments advanced by the defendant, they all are predicated upon the assumption infliction of bodily injury is an element of the crime of conviction. Nonetheless, we endeavor to deal with them.

Defendant asserts instructions 17, 18, and 19 (identical except for the name of the victim set forth in each count of the indictment) were erroneous, but we are not certain why. The instruction defines the government's burden of proof, setting forth the offense in four statutory elements. Defendant takes issue with the first defined element, which the court instructed was that he "forcibly assaulted, resisted, impeded or interfered with" the named victim. Although this instruction is in the precise language of the statute, defendant asserts it is "internally flawed in that it provided for the disjunctive aspects which could independently violate the statute without bodily injury occurring and the

specific aspect of assault." Yet, because the jury was not required to find bodily injury as an element of the offense, this argument is specious.[2]

Defendant next contends there is an "internal conflict" between instructions 17, 18, 19, and instruction 21. The latter defines the term "forcibly assaults." Defendant argues the conflict results from the "improper string modification found within Instruction [sic] 17-19, which construction finds 'forcibly' modifying those words which follow it. Instruction 21 limits the direction to two terms, 'forcible' and 'assault,' and to no other words as found in the string modifications of Instructions 17-19." Neither this objection nor any other regarding instruction 21 was made at trial.[3] We are therefore required to examine this issue to determine whether there is plain error. *United States v. Pappert*, 112 F.3d 1073, 1076 (10th Cir. 1997). Plain error is that which affects the defendant's right to a fair and impartial trial. *Id.* at 1077.

We fail to see how instruction 21 fits this category. The jury was correctly advised of the elements of the offense in instructions 17 through 19 in plain English. Nothing contained in those instructions can be construed as a limitation of the element of force to only one of the means by which § 111 can be violated. Obviously, the concern that the

---

[2]Defendant relies upon *United States v. Schrader*, 10 F.3d 1345 (8th Cir. 1993), but the reliance is misplaced. There, the trial court instructed that the adverb, "forcibly," applied only to the verb "assaults" and not to the remaining verbs in the statute. *Id* at 1349. No such instruction was given here, and the district court did not instruct in any other way that force was not a required element of any aspect of the offense.

[3]Defendant has failed to comply with 10th Cir. R. 28.2(b).

instruction might have that effect was not voiced to the trial court, nor was there any claim that instruction 21 limited the reach of the other instructions in any way. On this state of the record, we would have to conclude the addition of instruction 21 was not detrimental to the defendant and did not affect his right to a fair and impartial trial.

Finally, defendant contends he was denied his due process rights because the court and not the jury found the "element" of bodily injury. As we have already noted, bodily injury is not an element of the offense; hence, the argument is without merit.

**AFFIRMED.**

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge